IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02421-BNB

MATTHEW W. KANZ,

    Applicant,

v.

WARDEN BOONER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

At the time Applicant, Matthew W. Kanz, initiated this action he was in the custody of the Colorado Department of Corrections. Applicant now has been paroled and resides in Colorado Springs, Colorado. Applicant raises two claims challenging the validity of his conviction in El Paso County Court Case No. 08CR2571. Applicant contends that (1) his guilty plea should be withdrawn because his plea did not include an agreement that he committed a sex offense and (2) trial counsel coerced him into pleading guilty and failed to conduct adequate research regarding available defenses.

On September 11, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on October 17, 2013. Applicant did not reply to the Response.

The Court must construe liberally the Application because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. The Court will dismiss the action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d) for the reasons stated below.

In January 16, 2009, Applicant pled guilty to obscenity-promotion to minor in violation of Colo. Rev. Stat § 18-7-105(2.5) and was sentenced on April 28, 2009, to five years of SOISP (Sex Offender Intensive Supervised Probation) and to ten years registering as a sex offender. *See* Pre-Answer Resp., ECF No. 14-1, Ex. A at 11-12. Applicant did not file a direct appeal. *Id.* On July 17, 2009, Applicant filed a motion to withdraw the guilty plea pursuant to Colo. R. Crim. P. 35(c) and a motion to withdraw the guilty plea pursuant to Colo. R. Crim. P. 35(a) on October 2, 2009. *Id.* at 10. The district court denied the motions on October 15, 2009, and Applicant appealed the denial on November 23, 2009. *Id.* at 9-10. The Colorado Court of Appeals entered an order on May 5, 2011, affirming the district court's denial of the postconviction, Prelim Resp., ECF No. 14-4, Ex. D, and Applicant filed a petition for certiorari review on November 18, 2011, *Id.*, ECF No. 14-5, Ex. E, that was denied on September 19, 2012, *Id.*, ECF No. 14-6, Ex. F.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

> to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant's conviction became final on June 12, 2009, when the time ran for appealing the sentence entered on April 28, 2009. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) (Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.)

The Court must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a

3

properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The state court registry for Case No. 08CR2571 shows that from June 13, 2009, the day after Applicant's conviction and sentence became final, until July 16, 2009, the day prior to when Applicant filed a postconviction motion, there was not a postconviction or collateral proceeding pending in this case for thirty-four days. Then from September 11, 2012, the day after the Colorado Supreme Court denied the petition for certiorari review in Applicant's postconviction motions, until September 4, 2013, the day prior to when Applicant filed this action, nothing was pending in state court for 359 days. For purposes of § 2244(d) the time was not tolled for 393 days. This action, therefore, is time barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent

or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

On Page Seven of the Application form, under the "Timeliness of Application" section, Applicant is asked to explain why the Application is not barred by the one-year limitation period in § 2244(d). Applicant does not provide an explanation, and he fails to reply and address equitable tolling. The Court, therefore, will dismiss this action as time-barred.

Because the action clearly is time-barred, the Court need not address Respondents' argument that Applicant's claims are procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 23rd day of December, 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court